**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3340
_____

CURRY ROBINSON,
                              Appellant

v.

KENNETH CAMERON, Superintendent; JOHN E. WETZEL, Secretary of Department
of Corrections; VINCENT DEFELICE, Unit Manager; SHANNON SAGE, Activities
Manager

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. 3:16-cv-00044)
District Judge: Honorable Kim R. Gibson

_____

Argued: July 8, 2020

Before: McKEE, BIBAS, and FUENTES, *Circuit Judges*

(Opinion filed: August 6, 2020)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jacob M. Abrahamson (**Argued**)
University of Pennsylvania
School of Law
3400 Chestnut Street
Philadelphia, PA  19104
Joseph K. Hetrick
Nicolas A. Novy
Dechert
2929 Arch Street
18th Floor, Cira Centre
Philadelphia, PA  19104
        *Attorneys for Appellant*

Scott A. Bradley
Kemal A. Mericili
Daniel B. Mullen (**Argued**)
Office of Attorney General Pennsylvania
1251 Waterfront Plact
Mezzanine Level
Pittsburgh, PA 15222
        *Attorneys for Appellee*

McKEE, *Circuit Judge*

Curry Robinson appeals the grant of summary judgment dismissing his claim for relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and First Amendment.  His suit only asked for injunctive relief and he is no longer in custody.  Accordingly, we must dismiss this appeal as moot.

Robinson sought injunctive relief based on being denied participation in the SCI-Houtzdale counseling program for sex offenders and his subsequent and continued

categorization as an individual who voluntarily refused rehabilitation.[1]  In December

2019, Robinson was released from custody after serving the maximum time allowed

under his sentence.[2]

Although Robinson is no longer in custody and sought only injunctive relief, he

maintains his suit is not moot and that we can consider the merits.  We disagree.  When

an inmate seeks only equitable relief for claims arising from his imprisonment, the claims

become moot upon his release from custody if he cannot establish collateral

consequences redressable by a favorable judgment.[3]  Robinson has not identified any

such consequences.

There is, however, an exception to mootness for equitable claims like the one

asserted by Robinson.  Mootness will not bar such an action when 1) the action's duration

is "too short to be fully litigated prior to its cessation or expiration" and 2) when "there

[is] a reasonable expectation that the same complaining party [will] be subjected to the

same action again . . ."[4]

Here, the exception does not apply.  Robinson served sufficient time to allow his

claims to be fully litigated and as he is no longer in custody, we cannot afford him the

---

[1] 42 PA. CONS. STAT. § 9718.1(c) directs the DOC to "develop and provide [a] program of counseling or therapy" for defendants convicted of certain enumerated offenses. Appellant's Br. at 7.
[2] Appellees' Br. at 17.
[3] *See Spencer v. Kemna*, 523 U.S. 1, 7–14 (1998) (explaining that a case becomes moot if events during the litigation prevent a court from redressing the plaintiff's injury).
[4] *Id.* at 17 (alterations in original) (citations omitted) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990)).

equitable relief he is suing for—even if his claim is otherwise meritorious. Similarly, given his release from custody, we cannot presume that Robinson will be subject to the "same action" again. Even if he were to reoffend and be returned to custody, we cannot assume he would be housed in SCI-Houtzdale. Robinson concedes that the requirement of "confession" that he complains of is not uniform throughout DOC institutions where he might be housed. Moreover, even if it was, it would be premature speculation for us to adjudicate his claims now when we would not be able to grant him the only relief he seeks. An injunction barring the DOC from requiring him to admit guilt before allowing him into a sexual offender program is meaningless now that he is not in custody.

As there is no case or controversy[5] we lack jurisdiction and must dismiss the appeal as moot.

---

[5] *Id.* at 7.